E-FILED
Thursday, 02 July, 2026  02:58:31 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| **PIERRE BROWN,** | ) |
|     **Plaintiff,** | ) |
| | ) |
|     **v.** | )    **Case No. 23-2245** |
| | ) |
| **FELICIA ADKINS** *et al.*, | ) |
|     **Defendants.** | ) |

**ORDER**

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is a (Doc. 1) filed under 42 U.S.C. § 1983 by Plaintiff

Pierre Brown, an inmate at Menard Correctional Center.

**I.      Screening Standard**

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient

claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if

it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted;

or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In

reviewing a complaint, the court accepts the factual allegations as true and construes

them liberally in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

However, conclusory statements and labels are insufficient. Enough facts must be

provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*,

721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II.    Facts Alleged

The events Plaintiff describes occurred at Danville Correctional Center and are alleged against the following Defendants: former Warden Felicia Adkins, Healthcare Administrator Jennifer Chason, and Dr. Jonathan Ek.

Plaintiff's pleading concerns his repeated attempts to receive medical care for tonsil stones, which are "small, pebble-like lumps that form in your tonsils." (Doc. 1 at 4); *see also* Cleveland Clinic, Tonsil Stones, https://my.clevelandclinic.org/health/diseases/21505-tonsil-stones (last visited July 2, 2026). When Plaintiff did not receive any medical care, he wrote to Defendants Adkins and Chacon to no avail.

## III.    Analysis

"It is well-established that prison officials and medical staff violate the Eighth Amendment's prohibition on cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs." *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017); *see also Cesal v. Moats*, 851 F.3d 714, 720–21 (7th Cir. 2017) ("Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to the serious medical needs of prisoners.").

"A claim of deliberate indifference to a serious medical need contains both an objective and a subjective component." *Lewis v. McLean*, 864 F.3d 556, 562 (7th Cir. 2017). "Thus, a prisoner must first establish that his medical condition is objectively, sufficiently serious, and second, that prison officials acted with a sufficiently culpable state of mind — *i.e.*, that they both knew of and disregarded an excessive risk to inmate health." *Lewis v.*

*McLean*, 864 F.3d 556, 562–63 (7th Cir. 2017) (internal citations and quotation marks omitted).

Plaintiff appends letters he sent to Defendants Adkins and Chacon, which are sufficient to state an Eighth Amendment deliberate indifference claim. *See Perez v. Fenoglio*, 792 F.3d 768, 781–82 (7th Cir. 2015) ("An inmate's correspondence to a prison administrator may . . . establish a basis for personal liability under § 1983 where that correspondence provides sufficient knowledge of a constitutional deprivation."); *see also Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (reversing grant of summary judgment to superintendent after concluding it was reasonable that superintendent "knew of the [constitutional violation], even if only by the many letters [the prisoner] sent him").

However, Plaintiff does not state a plausible claim against Defendant Ek, as Plaintiff provides no facts that permit this Court to infer that Ek was personally responsible for violating Plaintiff's constitutional rights. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018).

**IT IS THEREFORE ORDERED:**

1) **According to the Court's merit review of Plaintiff's complaint (Doc. 1) under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with an Eighth Amendment deliberate indifference to serious medical need claim against Defendants Adkins and Chacon in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

2) **The Court directs the Clerk of the Court ("Clerk") to terminate Dr. Jonathan Ek as a party.**

3)   This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will be denied as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.

4)   The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have sixty days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5)   Concerning a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6)   Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the Answer is necessary or will be considered.

7)   This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel files an appearance and the Court enters a scheduling order, which will explain the discovery process in more detail.

8)   Defendants' counsel is granted leave to depose Plaintiff at his place of

confinement. Defendants' counsel shall arrange the time for the deposition.

9)   **Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.**

10)  **If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that Defendant and will require that Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

11)  **The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

12)  **The Court directs the Clerk to attempt service on Defendants under the standard procedures.**

ENTERED July 2, 2026.

s/ *Colleen R. Lawless*

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE